UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| WILLIE COX, JR., a/k/a ABBUE-JAU, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 4:19-cv-3182-PLC |
| PATRICK D. DIGNAM, | ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Willie Cox, a/k/a Abbue-Jau, for leave to proceed in forma pauperis in this civil action. For the reasons explained below, the motion will be denied, and this case will be dismissed.

### Legal Standard on Initial Review

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to closely screen cases where, as here, there is an application to proceed in forma pauperis. The Court may deny a litigant leave to proceed in forma pauperis and dismiss an action if it determines that the complaint is frivolous or malicious. A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is malicious if it was filed for the purpose of harassing the named defendant and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987).

When considering whether a complaint is malicious, the Court may refer to objective factors such as the circumstances surrounding the filing and the nature of the allegations. *Id.* Additionally, the Eighth Circuit has recognized that "malicious" applies to situations where the complaint is "plainly part of a longstanding pattern of abusive and repetitious lawsuits." *Horsey v. Asher*, 741 F.2d 209, 213 (8th Cir. 1984), *Cooper v. Wood*, 111 F.3d 135 (8th Cir. 1997)

(unpublished); *see also In re McDonald*, 489 U.S. 180 (1989) (leave to proceed in forma pauperis can be denied based in part on prior abusive litigation).

## Background

The case at bar is one of many interrelated civil rights actions plaintiff has filed pro se in this Court since September 17, 2019.[1] In all of those cases, plaintiff sought leave to proceed in forma pauperis. As of the date of this Memorandum and Order, all of plaintiff's cases that have been reviewed pursuant to 28 U.S.C. § 1915(e)(2)(B) have been dismissed for one of the reasons set forth therein. In *Cox v. City of Clayton*, 4:19-cv-03091-RLW, the Honorable Ronnie L. White determined that plaintiff's repeated filing of frivolous and interrelated lawsuits amounted to abuse of the judicial process, and cautioned him that restrictions may be imposed if he continued the practice. On November 22, 2019, plaintiff began filing lawsuits seeking damages against the District Judges of this Court who dismissed his cases.[2] In all of those cases, plaintiff sought leave to proceed in forma pauperis. As of the date of this Memorandum and Order, all of plaintiff's

---

[1] *See Cox v. Lang*, 4:19-cv-02585-NAB (E.D. Mo. Sept. 17, 2019); *Cox v. Atchison*, 4:19-cv-02586-JAR (E.D. Mo. Sept. 17, 2019); *Cox v. Hartman*, 4:19-cv-2587 (E.D. Mo. Sept. 17, 2019); *Cox v. Anello*, 4:19-cv-02588-AGF (E.D. Mo. Sept. 17, 2019); *Cox v. Walz*, 4:19-cv-02589-SRC (E.D. Mo. Sept. 17, 2019); *Cox v. Hulsey*, 4:19-cv-02592-SRC (E.D. Mo. Sept. 17, 2019); *Cox v. Morrow*, 4:19-cv-02593-JAR (E.D. Mo. Sept. 17, 2019); *Cox v. Grammer*, 4:19-cv-02662-PLC (E.D. Mo. Sept. 30, 2019); *Cox v. Crotzer*, 4:19-cv-02727-RLW (E.D. Mo. Oct. 7, 2019); *Cox v. Dewly*, 4:19-cv-02744-JAR (E.D. Mo. Oct. 9, 2019); *Cox v. Dodson*, 4:19-cv-02748-AGF (E.D. Mo. Oct. 9, 2019); *Cox v. Walker*, 4:19-cv-02764-RLW (E.D. Mo. Oct. 10, 2019); *Cox v. City of University City, Missouri*, 4:19-cv-02923-JCH (E.D. Mo. Oct. 28, 2019); *Cox v. Brentwood, Missouri, City of*, 4:19-cv-03067-PLC (E.D. Mo. Nov. 7, 2019); *Cox v. City of Clayton*, 4:19-cv-03091-RLW (E.D. Mo. Nov. 12, 2019); *Cox v. Ferguson, City of*, 4:19-cv-03115-SNLJ (E.D. Mo. Nov. 18, 2019), *Cox v. Shelton*, No. 4:19-cv-03182-PLC (E.D. Mo. Dec. 3, 2019); *Cox v. Dignam*, 4:19-cv-03183-JMB (E.D. Mo. Dec. 3, 2019), *Cox v. Dewey*, No. 4:19-cv-03253-JCH (E.D. Mo. Dec. 11, 2019).

[2] *See Cox v. Fleissig*, 4:19-cv-03133-SRC (E.D. Mo. Nov. 22, 2019); *Cox v. Autrey*, 4:19-cv-03143-SPM (E.D. Mo. Nov. 25, 2019); *Cox v. Autrey*, 4:19-cv-03144-JCH (E.D. Mo. Nov. 25, 2019); *Cox v. Ross*, 4:19-cv-03152-SNLJ (E.D. Mo. Nov. 25, 2019); *Cox v. Ross*, 4:19-cv-03153-HEA (E.D. Mo. Nov. 25, 2019); *Cox v. Ross*, 4:19-cv-03156-JMB (E.D. Mo. Nov. 26, 2019); *Cox v. Ross*, 4:19-cv-03157-DDN (E.D. Mo. Nov. 26, 2019); *Cox v. Clark*, No. 4:19-cv-03175-AGF (E.D. Mo. Nov. 27, 2019), *Cox v. Hamilton*, No. 4:19-cv-03202-HEA (E.D. Mo. Dec. 5, 2019), *Cox v. Fleissig*, No. 4:19-cv-03234-SRC (E.D. Mo. Dec. 10, 2019), *Cox v. Limbaugh*, No. 4:19-cv-03235-AGF (E.D. Mo. Dec. 10, 2019), *Cox v. White*, No. 4:19-cv-03257-AGF (E.D. Mo. Dec. 11, 2019), *Cox v. Hamilton*, No. 4:19-cv-03261-HEA (E.D. Mo. Dec. 11, 2019).

cases that have been reviewed pursuant to 28 U.S.C. § 1915(e)(2)(B) have been dismissed for one of the reasons set forth therein.

## The Complaint

Plaintiff brings this action against Michael Shelton. Plaintiff's claims stem from being issued a traffic citation by the City of Brentwood and prosecuted in Brentwood Municipal Court. He attached to the complaint a copy of a City of Brentwood traffic citation bearing ticket number 180144643. That citation shows that plaintiff was cited on September 12, 2019 for violating ordinance 370.040 by failing to dim his headlights. Review of the public records available on Missouri Case.net shows that plaintiff was prosecuted in Brentwood Municipal Court for that ordinance violation, and that Michael Shelton was the prosecuting attorney who represented the City of Brentwood. *See City of Brentwood v. Willie Cox,* No. 180144643 (21st Jud. Cir. 2019).[3]

In the complaint, plaintiff alleges he spoke with Shelton before trial and Shelton offered him a plea deal, and "[a]ll I had to do was say that I am guilty of something that I was not. THERE IS NO FOOL LIKE AN OLD FOOL." (ECF No. 1-1 at 7) (emphasis in original). He alleges he asked Shelton about a discovery motion, and Shelton said he had photos and the citation. Plaintiff then writes: "NO VIDEO EVIDENCE AND NO AUDIO EVIDENCE. NO DASHCAM AND NO BODYCAM that I had requested." *Id.* at 8 (emphasis in original). Plaintiff also attached to the complaint many pages of "constitutional case law," statutory definitions, information about vehicle lighting, and photographs of vehicles. He seeks a total of $4.8 million in damages.

## Discussion

The Court finds that plaintiff's in forma pauperis application should be denied and this action should be dismissed because the complaint is frivolous. Prosecuting attorneys are immune

---

[3] This Court takes judicial notice of this Missouri State Court record, as obtained through the public records published on Missouri Case.net. *See Levy v. Ohl,* 477 F.3d 988 (8th Cir. 2007) (district court may take judicial notice of public state records).

3

from civil rights claims arising from their initiation of a prosecution and presenting a criminal case. *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976); *see also Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process."). Here, Shelton's allegedly unconstitutional conduct falls within the scope of initiating and pursing a criminal prosecution. He is therefore immune from suit. Additionally, the Court finds the complaint is malicious because it is clear from the circumstances surrounding the filing and the nature of the allegations that it is part of a pattern of abusive and repetitious lawsuits. *See Horsey*, 741 F.2d at 213.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **DENIED.** [ECF No. 2]

**IT IS FURTHER ORDERED** that this case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). A separate order of dismissal will be entered herewith.

Dated this 18th day of December, 2019.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE